*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KLUPP/BETZ, Minors.

UNPUBLISHED
August 06, 2026
11:33 AM

No. 379442
St Clair Circuit Court
Family Division
LC No. 25-00249-NA

Before: ACKERMAN, P.J., and BAZZI and LIEVENSE, JJ.

PER CURIAM.

Respondent-mother appeals as of right the January 21, 2026 initial order of disposition concerning her three minor children EK, LB, and LK.[1] In the order, the trial court assumed jurisdiction over the minor children under MCL 712A.2(b)(1) (subject to substantial risk of harm) and (2) (unfit home or environment). For the reasons set forth in this opinion, we affirm.

## I. FACTUAL BACKGROUND

Respondent has a long history of substance abuse and mental health issues (including diagnoses of Attention-Deficit/Hyperactivity Disorder, Attention Deficit Disorder, Borderline Personality Disorder, Bipolar Disorder, depression, and anxiety) and a history of five previous investigations with Children's Protective Services (CPS). On December 18, 2025, the Department of Health and Human Services (DHHS) offered a petition for filing to the trial court to take

---

[1] LB and LK's father was a party to the trial court's proceedings as well but he is not part of this appeal. EK's father was never a party.

-1-

jurisdiction over the children under MCL 712A.2(b)(1) and (2). The petition listed the following allegations, though it was not always clear when and in what order these allegations occurred:

- Respondent had made repeated suicidal statements and had been the victim and perpetrator in multiple domestic violence incidents while having custody of the children.

- On July 17, 2023, respondent shoplifted from Target while using LB's stroller with LB inside.

- On January 22, 2024, respondent was appointed by the court a Public Guardian "due to presentation of mental illness, chronic use of drugs and was found totally without capacity to care for herself." Respondent's guardian reported that she was noncompliant with and had not obtained or maintained mental health services and was not in contact with the court for a year. The guardian also reported that respondent may be experiencing delusions because of untreated mental health or substance use issues.

- Respondent was incarcerated in the St. Clair County Detention Center in June 2025 while pregnant with LK. Her incarceration was related to methamphetamine use and domestic violence. She tested positive for methamphetamine while pregnant with LK.

- Also in June 2025, respondent admitted she did not know the last time she spoke to EK, where he went to school, who his doctors were, and if he had any diagnoses, and she last had contact with EK sometime in 2023. Respondent last had contact with LB around August 2024, and she admitted not knowing where LB was or that LB was in a court ordered guardianship. Respondent had made no attempt to contact LB or the guardianship office for a year. Sometime in 2025, respondent's parenting time with LB was suspended because of noncompliance with guardianship plans and lack of contact with LB.

- In November 2025, respondent gave birth to LK while incarcerated.

- Respondent did not participate in inpatient rehabilitation or court-ordered counseling services, and she was unsuccessful in Mental Health Court.

- Respondent was making plans with a couple in Roscommon County to adopt LK. The couple were providing respondent money in her commissary to leave LK with them. The couple contacted respondent's guardian and made "concerning statements, lied about who they are by using false names and false familial titles . . . ." Respondent indicated that once released from jail, she planned to take the children to live with the couple, one of whom has a violent criminal history, gang affiliations, and is involved in drug activity.

It is unclear from the record when EK and LB were first placed in guardianships or where they were living in December 2025, but the petition alleged respondent had not provided any

physical, emotional, or financial support to EK since 2023 and to LB since August 2024.  The petition also alleged that LK could not be placed in a guardianship until respondent was out of jail, leaving LK without appropriate care and custody to meet her long-term needs, and that LK likely would not be accepted for guardianship because respondent was noncompliant with guardianship plans for EK and LB.

On December 18, 2025, after receiving the petition, the trial court signed an ex parte order removing the children from respondent's custody.  The trial court found it was contrary to the children's welfare to remain in her custody due to ongoing physical neglect which placed the children at unreasonable risk of harm.  LB and LK were placed with their maternal grandparents while EK was placed with his father.

The court held a preliminary hearing on December 19, 2025; respondent and her guardian were present, and she was represented by counsel.  During the hearing, respondent waived a formal reading of the allegations in the petition and a probable-cause determination.  DHHS listed the efforts it took to prevent removal, and the trial court found there was probable cause to believe that the allegations in the petition were true and that reasonable efforts were made to prevent removal. The court then authorized the petition that same day.  EK remained placed with his father, and LB and LK remained with their grandparents.  Respondent's parenting time was suspended, but she was granted supervised parenting time upon release from incarceration.

The next hearing for respondent was held on January 6, 2026.  After the trial court advised respondent of her rights, respondent admitted to the allegations in the petition and consented to the trial court's temporary jurisdiction over the children.  Following a plea colloquy, the referee found respondent's plea was "knowingly, understandingly, and voluntarily made," and accepted her plea. Among other things, the referee found reasonable efforts had been made to prevent the removal of the children from the home.  The written dispositional order cited the following efforts to prevent removal cited in the petition:

> Safety Planning (2025), TDM (2025), Trauma Screening (2025), TVA (2025), WIC (2025), Early-On Referral (2025), Adult Guardianship (2025), Minor Guardianship (2025).  Furthermore, multiple services have been implemented since 2022 including Families First, FTBS, FRA Funds.  Mr. and Mrs. Betz failed to utilize or benefit from the services referred to or provided to prevent physical neglect and unreasonable risk of harm.

The referee recommended the trial court take jurisdiction over the children, and signed the order of disposition on January 7, 2026.  The trial court judge signed the order on January 21, 2026. Under the order, LB and LK continued to be placed with their maternal grandparents while EK continued to be placed with his father.  The order granted respondent supervised visitation after her scheduled release from jail in February 2026.  Respondent now appeals.

-3-

## II. ANALYSIS

On appeal, respondent argues the trial court erred in taking jurisdiction over the children because there was not "clear and convincing evidence" that the statutory grounds for jurisdiction were met under MCL 712A.2(b)(1) and (2). We disagree.

"We review for clear error the trial court's factual findings related to its jurisdictional decision." *In re Faulkner*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369927); slip op at 3. Clear error exists when " 'the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses.' " *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020), quoting *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). The application of factual findings to a statute "presents a question of law that we review de novo." *In re Leach*, 347 Mich App 26, 30; 14 NW3d 178 (2023).

During the adjudicative phase of child protective proceedings, the court determines whether it may exercise jurisdiction over a child. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). To establish jurisdiction, the petitioner must prove by a preponderance of the evidence that at least one statutory ground exists under MCL 712A.2(b). *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008). The "clear and convincing evidence" standard respondent cites in her brief on appeal applies to the decision of whether to terminate parental rights, not whether the court has jurisdiction. *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012). A "preponderance of the evidence" means evidence of a proposition that when weighed against the evidence opposed to the proposition "has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008).

The court can exercise jurisdiction "if a respondent-parent enters a plea of admission or no contest to allegations in the petition, see MCR 3.971 . . . ." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). But "even if a respondent enters a plea of admission to all or some of the allegations in the petition, the trial court may not accept that plea without establishing support for a finding that one or more of the statutory grounds [for jurisdiction] alleged in the petition are true." *In re Baham*, 331 Mich App 737, 746; 954 NW2d 539 (2020), citing MCR 3.971(D)(2) (quotation marks omitted). "If the trial court does not establish support for a finding that one or more of the statutory grounds alleged in the petition is true, then the respondent's plea of admission is invalid because it is not an accurate plea." *Id.*, citing MCR 3.971(D)(2). Further, the trial court is required to examine the circumstances of the children at the time the petition is filed. *In re Baham*, 331 Mich App at 749, citing *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004) (holding that because MCL 712A.2 "speaks in the present tense, . . . the trial court must examine the child's situation at the time the petition was filed").

Here, DHHS requested that the court assume jurisdiction over the children under MCL 712A.2(b)(1) and (2). The trial court need only find one statutory ground exists to take jurisdiction. *In re SLH*, 277 Mich App at 669. Under MCL 712A.2(b)(2), the trial court has jurisdiction over a juvenile "[w]hose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, . . . is an unfit place for the juvenile to live in." Respondent argues on appeal that the trial court erred in finding jurisdiction based on Subsection 2(b)(2) because the petition made no mention of the children's home conditions.

-4-

But the statute imposes no such specific requirement. It provides for jurisdiction when a "home *or* environment" is an unfit place for a juvenile to live in because of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent. Here, respondent pleaded to the allegations in the petition that pertained to her. As set forth above and in more detail in the petition, those allegations (now admissions) included: a 2023 incident during which she shoplifted using LB's stroller while LB was in it, being the perpetrator of domestic violence, significant drug use, recent incarceration, a strong inference of depravity (if not criminality) relating to the potential adoption of LK, and evidence of neglect as to EK and LB given she had no knowledge of where they were at the time of her June 2025 incarceration.

The fact that she may not have been convicted of each listed crime does not undermine the court's finding as to jurisdiction. "[I]n order for the trial court to assume jurisdiction over the minor children on the basis of criminality, the petitioner does not need to prove that the respondent was convicted of a crime." *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004). Instead, the petitioner "must demonstrate by a preponderance of the evidence only that the respondent engaged in criminal behavior." *Id*.

Here, because the petition contains a factual basis for jurisdiction and respondent agreed to the petition, the trial court's finding that the children's "environment" was unfit to live in under MCL 712A.2(b)(2) was not clearly erroneous.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Mariam S. Bazzi
/s/ Andrew J. Lievense

-5-